

**KATHERINE KELLY FELL**
*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: +1 (212) 530-5207
kfell@milbank.com  |  milbank.com

January 12, 2026

**VIA ECF**

The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1029
New York, NY 10007-1312

> Requests GRANTED. Defendants' combined motion is due January 20, 2026. Plaintiff's opposition is due March 5, 2026. Defendants' reply, if any, is due by March 23, 2026. The parties' requested word limits for those briefs are approved.
>
> Dated: January 12, 2026
> New York, New York
>
> **SO ORDERED.**
>
> _____
> **JENNIFER L. ROCHON**
> **United States District Judge**

Re:   *Yee v. KalshiEX LLC, et al.*, Case No. 1:25-cv-08585-JLR

Dear Judge Rochon:

We represent Defendants KalshiEX LLC, Kalshi Inc., Kalshi Klear LLC, Kalshi Klear Inc., and Kalshi Trading LLC ("Defendants," or "Kalshi") in the above-captioned matter. We write with the consent of Plaintiff and pursuant to Rules 1.F and 3.H of the Court's Individual Rules of Practice in Civil Cases to request: (1) a brief extension of the briefing schedule for the motion to compel arbitration and motion to dismiss; and (2) a modification of the word limit applicable to those motions.

I.      Extension of the Briefing Schedule

The parties previously agreed that Defendants would submit their motion to compel arbitration under the Federal Arbitration Action and motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) simultaneously, and stipulated to a briefing schedule that the Court so-ordered on November 19, 2025, ECF No. 13. The parties have now agreed to a brief extension and modification of that briefing schedule and respectfully request that the Court so-order the following revised briefing schedule:

|  | **Existing Deadline (ECF No. 13)** | **Requested Modified Deadline** | **Number of Days of Extension** |
|---|---|---|---|
| Defendants' Motion to Compel Arbitration & Motion to Dismiss | January 14, 2026 | January 20, 2026 | + 6 days |
| Plaintiff's Oppositions to Defendants' Motion to Compel Arbitration & Motion to Dismiss | February 27, 2026 | March 5, 2026 | + 6 days |

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

The Honorable Jennifer L. Rochon                                                       Page 2
January 12, 2026

| Defendants' Replies in Support of Motion to Compel Arbitration & Motion to Dismiss | March 16, 2026 | March 23, 2026 | + 7 days |

        II.        Modification of the Word Limit Applicable to Defendants' Motions

        As the Court is aware, the parties previously agreed that Defendants would file their motion to compel arbitration and motion to dismiss simultaneously, to avoid unnecessary delays in the case. *See* ECF No. 13. Defendants understand that, under the Court's Individual Rules of Practice, the word limit applicable to each of their Motion to Compel Arbitration and Motion to Dismiss is 8,750 words. Instead of filing two motions of no more than 8,750 words each, Defendants respectfully request leave to file a combined memorandum of law in support of their motions. Plaintiff consents to this request and the parties have agreed to a similar modification of the word limit applicable to Plaintiff's Oppositions and Defendants' Replies. Accordingly, the parties respectfully request the Court grant the following modification of the word limit applicable to the Motion to Compel Arbitration and Motion to Dismiss:

|  | **Existing Word Limit** | **Requested Word Limit** |
|---|---|---|
| Motion to Compel Arbitration & Motion to Dismiss | 8,750 each | 17,500 combined |
| Opposition to Motion to Compel Arbitration & Motion to Dismiss | 8,750 each | 17,500 combined |
| Replies in Support of Motion to Compel Arbitration & Motion to Dismiss | 3,500 each | 7,000 combined |

        Defendants respectfully submit that there is good cause to modify the word limit applicable to their memoranda of law because the motions will involve overlapping facts and issues, and allowing the parties to file combined briefs will avoid unnecessary duplication across the motions and allow the parties to allocate words more efficiently across arguments. In the Complaint, Plaintiff alleges seven causes of action against five Kalshi defendants. Defendants anticipate raising numerous bases for dismissal under Rule 12(b) including standing, federal preemption, and failure to state a claim under state law. The parties' requested word limit enlargement will help ensure that those issues are fully and completely presented to the Court.

        This is the parties' first request for an extension of the so-ordered briefing schedule or an enlargement of the word limits. We thank the Court for its time and consideration in this matter.

                                                                  Respectfully submitted,

                                                                  */s/ Katherine Kelly Fell*

                                                                  Katherine Kelly Fell

cc:    Counsel of Record (via ECF)