

**MATTHEW J. LAROCHE**
*Partner*
55 Hudson Yards  |  New York, NY 10001-2163
T: +1 (212) 530-5514
mlaroche@milbank.com  |  milbank.com

**VIA ECF**

January 22, 2026

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007-1312

Hon. Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Yee v. KalshiEX LLC et al.*, No. 1:25-cv-08585 (JLR) (S.D.N.Y) and *Pelayo et al., v. Kalshi Inc. et al.*, No. 1:25-cv-09913 (ALC) (S.D.N.Y)

Dear Judge Rochon and Judge Carter:

We write pursuant to Local Rule 1.6 and Rule 13 of the Rules of Division of Business Among District Judges for the Southern District of New York ("Assignment Rules") on behalf Kalshi Inc, KalshiEX LLC, Kalshi Klear Inc., Kalshi Klear LLC, and Kalshi Trading LLC (collectively, the "Kalshi Defendants") to advise the Court of potentially related cases. We represent the Kalshi Defendants in three actions currently pending in the Southern District:

- *Yee v. KalshiEX LLC et al.*, No. 1:25-cv-08585 (JLR) (S.D.N.Y), filed on October 16, 2025 ("Yee" or the "Yee Action");
- *Pelayo et al., v. Kalshi Inc. et al.*, No. 1:25-cv-09913 (ALC) (S.D.N.Y), filed on November 26, 2025 ("Pelayo" or the "Pelayo Action"); and
- *Hallman et al., v. KalshiEX LLC et al.*, No. 1:26-cv-00317 (JLR) (S.D.N.Y), filed on January 13, 2026 ("Hallman" or the "Hallman Action").

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

The Honorable Andrew L. Carter
January 22, 2026
Page 2

The *Yee* Action is currently pending before Judge Rochon. The Kalshi Defendants filed a Motion to Compel Arbitration or, in the alternative, to Dismiss the Complaint, in *Yee* on January 20, 2026. (No. 1:25-cv-08585, ECF No. 29).

The *Pelayo* Action is currently pending before Judge Carter. The Kalshi Defendants filed a pre-motion letter requesting permission to file a Motion to Compel Arbitration or, in the alternative, to Dismiss the Complaint in *Pelayo* on January 22, 2026. (No. 1:25-cv-09913, ECF No. 19). The parties in *Pelayo* have agreed that the Kalshi Defendants will file their Motion on the later of February 20, 2026, or within 2 business days of any decision granting the Kalshi Defendants' pre-motion request. (No. 1:25-cv-09913, ECF No. 8). We previously filed a statement of relatedness in the *Pelayo* Action, notifying the Court of its potential relatedness to the first-filed *Yee* Action on December 23, 2025. (No. 1:25-cv-09913, ECF No. 7).

The *Hallman* Action was filed on January 13, 2026. (No. 1:26-cv-00317, ECF No. 1). It is also currently pending before Judge Rochon. The *Hallman* Action was designated as related to the *Yee* Action on January 21, 2026.

The Kalshi Defendants write pursuant to Local Rule 1.6 to inform the Courts of their belief that all three actions—*Yee, Pelayo*, and *Hallman*— are related, within the meaning of Assignment Rule 13, because they are (i) based on the same or substantially the same alleged conduct against the same group of Kalshi Defendants; (ii) assert common legal claims; (iii) could subject the parties to conflicting orders; and (iv) are likely to result in substantial duplication of effort and expense, and undue burden on the Court, parties, and witnesses absent a determination of relatedness.

The Actions involve similar transactions or events and substantial factual overlap because they arise out of the same alleged conduct by the Kalshi Defendants. All three actions are purported class actions challenging the Kalshi Defendants' conduct in connection with KalshiEX LLC's operation of a Commodity Futures Trading Commission ("CFTC") registered Designated Contract Market ("DCM") permitting users to trade event contracts. All three actions allege that the Kalshi Defendants operated an illegal sports gambling platform and operation, and, therefore, violated state gambling laws, engaged in illegal deceptive activity, and unjustly enriched themselves at the expense of consumers. The *Hallman* plaintiffs assert nine causes of action, the *Yee* plaintiff asserts seven causes of action, and the *Pelayo* plaintiffs assert thirteen causes of action, five of which are identical.[1] Given the overlapping legal and factual issues, there is a significant risk of inconsistent or conflicting orders if the cases are heard separately.

---

[1] All three complaints assert causes of action for violations of N.Y. Gen. Oblig Law §§ 5-419 and 5-521, N.Y. Gen. Bus. Law § 349, Cal. Bus. & Prof. Code §§ 17200 *et seq*, and a claim for unjust enrichment. Additionally, the *Hallman* and *Pelayo* complaints both assert causes of action for violations of Minn. Stat. § 541.20 and O.C.G.A. § 13-8-3.

The Honorable Andrew L. Carter
January 22, 2026
Page 3

Absent a determination of relatedness, there also would be a substantial duplication of effort and expense, undue burden, and a waste of judicial resources. For example, there would be significant inefficiencies if the parties had to brief and present the same arguments to different judges, causing two or three separate judges to assess overlapping issues. As evidenced by the pending Motion in *Yee* (No. 1:25-cv-08585, ECF No. 29) and the pre-motion letter in *Pelayo* (No. 1:25-cv-09913, ECF No. 19) the Kalshi Defendants will raise substantially similar arguments in support of dismissal of those actions and anticipate the same will be true of their pre-answer motions in *Hallman*. Should the cases proceed past the pleading stage, there also would be a substantial risk of duplicative discovery given the significant factual overlap between the three actions.

For all these reasons, the Kalshi Defendants respectfully submit that the *Yee, Pelayo,* and *Hallman* actions should be designated as related and heard by the same Judge. *See* Local Rule 1.6; Assignment Rule 13(b)(3).

Respectfully submitted,

/s/ Matthew J. Laroche
Matthew J. Laroche

cc: All Counsel of Record (via ECF)