

**MATTHEW J. LAROCHE**

*Partner*

55 Hudson Yards | New York, NY 10001-2163

T: +1 (212) 530-5514

mlaroche@milbank.com | milbank.com

March 10, 2026

<u>**VIA ECF**</u>

The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007-1312

     Re:  *In re Kalshi Sports Prediction Market Litigation*, No. 25 Civ. 8585 (JLR) (S.D.N.Y)

Dear Judge Rochon:

     We write on behalf of the Kalshi Defendants in the above-referenced matter to alert the Court to three related cases pending in this and other districts. As set forth below, one case was recently transferred to this District, and the Kalshi Defendants will or have already sought to transfer the two other cases to this District.

<u>*Jennings v. Kalshi Inc., et al.*, No. 26 Civ. 1924 (UA) (S.D.N.Y.)</u>

     On January 29, 2026, Plaintiff Christopher Jennings filed a putative class action in the Middle District of Alabama against the Kalshi Defendants, as well as Susquehanna International Group, LLP and Susquehanna Government Products, LLLP (the "Susquehanna Defendants"), which are also represented by the undersigned counsel. On February 26, 2026, the Middle District of Alabama granted the parties' joint motion to transfer the case to the Southern District of New York, and the matter was formally transferred yesterday.

     *Jennings* has been referred to Your Honor as potentially related to this matter. We respectfully submit that the matters are related within the meaning of Assignment Rule 13 because they are (i) based on the same or substantially the same alleged conduct against the same group of Kalshi Defendants; (ii) assert similar legal claims; (iii) could subject the parties to conflicting orders; and (iv) are likely to result in substantial duplication of effort and expense, and undue burden on the Court, parties, and witnesses absent a determination of relatedness.

     Both actions involve similar transactions or events and substantial factual overlap because they arise out of the same alleged conduct by the Kalshi Defendants. Both actions are purported class actions challenging the Kalshi Defendants' conduct in connection with KalshiEX LLC's

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

The Honorable Jennifer L. Rochon
March 10, 2026
Page 2

operation of a Commodity Futures Trading Commission registered Designated Contract Market ("DCM") permitting users to trade event contracts.  Both actions allege that the Kalshi Defendants operated an illegal sports gambling platform and operation, and, therefore, violated state gambling laws and engaged in illegal deceptive activity.[1]  Given the overlapping legal and factual issues, there is a significant risk of inconsistent or conflicting orders if the cases are heard separately.

Absent a determination of relatedness, there also would be a substantial duplication of effort and expense, undue burden, and a waste of judicial resources.  For example, there would be significant inefficiencies if the parties had to brief and present the same arguments to different judges, causing separate judges to assess overlapping issues.  Defendants will raise substantially similar arguments in support of motions to compel arbitration and, if necessary, to dismiss these actions.  Should the cases proceed past the pleading stage, there also would be a substantial risk of duplicative discovery given the significant factual overlap between the two actions.

For all these reasons, we respectfully submit that the *In re Kalshi* and *Jennings* actions should be designated as related and heard by Your Honor.  *See* Local Rule 1.6; Assignment Rule 13(b)(3).  If the Court grants this request, Defendants will promptly confer with Plaintiffs' counsel in both actions concerning consolidation and scheduling.

<u>Other Putative Class Actions Involving the Kalshi and Susquehanna Defendants</u>

We also write to inform Your Honor of two other related purported class actions pending in other Districts, which Defendants are seeking to have transferred to the Southern District.

On January 8, 2026, several plaintiffs filed a putative class action against the Kalshi Defendants in the Northern District of Illinois.  *See Josephson v. Kalshi, Inc.*, No. 26 Civ. 220 (N.D. Ill.).  Plaintiffs challenge KalshiEX's sports event contracts as unlawful gambling and assert claims against the Kalshi Defendants under Illinois's Loss Recovery Act (which allows recovery for gambling losses), deceptive practices act, and for unjust enrichment.  Dkt. 1.  On February 9, 2026, the Kalshi Defendants filed a motion to transfer this action to the Southern District of New York.  Dkt. 8.  The motion will be fully briefed by March 16, 2026.  Dkt. 12.

On February 20, 2026, a plaintiff filed a putative class action against the Kalshi and Susquehanna Defendants in the District of Oregon.  *See Reynolds v. Kalshi Inc.*, No. 26 Civ. 336 (D. Or.).  The Oregon action also challenges KalshiEX's sports event contracts as unlawful gambling and asserts claims under Oregon's gambling loss recovery statute and Unlawful Trade Practices Act.  Dkt. 1.  The parties are conferring on a briefing schedule for Defendants' anticipated motion to transfer.

---

[1] The *Jennings* Action asserts similar claims against the Susquehanna Defendants, one of which is a market maker on KalshiEX's DCM.  *See Jennings*, No. 26 Civ. 1924, Dkt. 1, ¶¶ 47-48.

The Honorable Jennifer L. Rochon
March 10, 2026
Page 3

     We will promptly notify the Court if either action is transferred to the Southern District of New York.

* * *

     We thank the Court for its attention to these matters.

                      Respectfully submitted,

                      Matthew J. Laroche

cc:     All Counsel of Record (via ECF)
        Counsel for Christopher Jennings (via Email)