

## Milbank

**MATTHEW J. LAROCHE**

*Partner*

55 Hudson Yards  |  New York, NY 10001-2163
T: +1 (212) 530-5514
mlaroche@milbank.com  |  milbank.com

June 26, 2026

<u>**VIA ECF**</u>

The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007-1312

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Courtroom 444
New York, NY 10007

> Re: *In re Kalshi Sports Prediction Market Litigation*, No. 1:25-cv-08585 (JLR) (S.D.N.Y.), and *Reynolds v. Kalshi Inc.*, No. 1:26-cv-05238 (ALC) (S.D.N.Y.)

Dear Judge Rochon and Judge Carter:

We write pursuant to Local Rule 1.6 and Rule 13 of the Rules of Division of Business Among District Judges for the Southern District of New York ("<u>Assignment Rules</u>") on behalf of KalshiEX LLC, Kalshi Inc., Kalshi Klear LLC, Kalshi Klear Inc., and Kalshi Trading LLC (collectively, the "<u>Kalshi Defendants</u>"), as well as Susquehanna International Group, LLP and Susquehanna Government Products, LLLP (the "<u>Susquehanna Defendants</u>") to advise the Court of two related putative class actions that we respectfully submit should proceed before Judge Rochon:

- *In re Kalshi Sports Prediction Market Litigation*, No. 1:25-cv-08585 (JLR) (S.D.N.Y.), which involved consolidation of four separate cases with the first constituent action filed on October 16, 2025 ("<u>*In re Kalshi*</u>");

- *Reynolds v. Kalshi Inc.*, No. 1:26-cv-05238 (ALC) (S.D.N.Y.), originally filed on February 20, 2026 in the District of Oregon, and transferred to the Southern District of New York on June 22, 2026 ("<u>*Reynolds*</u>" or the "<u>*Reynolds* Action</u>").

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

The Honorable Jennifer L. Rochon
The Honorable Andrew L. Carter Jr.
June 26, 2026
Page 2

Judge Rochon has already recognized the interrelationship between these actions, adjourning the *In re Kalshi* briefing schedule pending resolution of motions to transfer *Reynolds* and other related cases to this District. (No. 1:25-cv-08585, Dkt. 55). The actions are related because they are based on the same or substantially the same alleged conduct against the same group of Kalshi Defendants and assert similar legal claims. Absent a determination of relatedness, the parties could be subject to conflicting orders, and there would be substantial duplication of effort and expense, causing undue burden for the Court, parties, and witnesses.[1] For this same reason, in granting the Kalshi Defendants' motion to transfer *Reynolds*, the District of Oregon found that given the "substantial overlap" between the two actions, "judicial resources and efficiency are better served by having the legal issues resolved by the same judge who is presiding over the other cases pending in the Southern District of New York." *Reynolds v. Kalshi Inc.*, 2026 WL 1724396, at *3 (D. Or. June 15, 2026).

The Kalshi Defendants respectfully submit that the *Reynolds* and *In re Kalshi* actions should be designated as related and heard by Judge Rochon. *See* Local Rule 1.6; Assignment Rule 13(b)(3). If the Court grants this request, Defendants will promptly confer with Plaintiffs' counsel in both actions concerning consolidation.

* * *

We thank the Court for its attention to these matters.

Respectfully submitted,

Matthew J. Laroche

cc:     All Counsel of Record (via ECF)

---

[1]     The *Reynolds* Action asserts similar claims against the Susquehanna Defendants, one of which is a market maker on KalshiEX's Designated Contract Market (DCM). *See Reynolds*, No. 1:26-cv-05238, Dkt. 1, ¶¶ 92-93, 129, 176.